1 **WO**                                                              LMH

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Mark F. Baca,                    )   No. CV 05-1571-PHX-MHM (MEA)
                                     )
10              Plaintiff,           )   **ORDER**
                                     )
11  vs.                             )
                                     )
12                                   )
    Joe Arpaio, et al.,              )
13                                   )
                Defendants.          )
14                                   )
                                     )
15

16         Plaintiff, formerly a county jail inmate at the Durango Jail in Phoenix, Arizona, and

17  now in the custody of the Arizona Department of Corrections, filed a *pro se* Complaint

18  pursuant to 42 U.S.C. § 1983.  This action is one of more than one thousand lawsuits filed

19  in this district since September 2004 alleging that the overcrowded conditions in the

20  Maricopa County jail system have resulted in a variety of constitutional violations.  The

21  Court will require an answer to the Complaint.

22  **A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

23         Plaintiff has now cured the deficiencies that were earlier noted in his *in forma*

24  *pauperis* application.  His request to proceed *in forma pauperis* will be granted.  28 U.S.C.

25  § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing

26  fee of $250.00 for this action.  An initial partial filing fee of $25.00 (based on an average

27  monthly balance of $125.00) will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By

28

TERMPSREF

1  separate order, the Court will direct the appropriate agency to collect the initial partial filing

2  fee from Plaintiff's trust account and forward it to the Clerk of Court.

3  Plaintiff will be obligated for monthly payments of 20 percent of the preceding

4  month's income credited to Plaintiff's trust account. The Court will direct the appropriate

5  agency to collect these monthly payments, which will be forwarded to the Clerk of Court

6  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.

7  28 U.S.C. § 1915(b)(2).

8  Plaintiff should take notice that if he is released before the filing fee is paid in full, he

9  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

10  release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

11  his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why

12  he is unable to pay the remainder of the filing fee.

13  **B.    Statutory Screening of Prisoner Complaints**

14  The Court is required to screen complaints brought by prisoners seeking relief against

15  a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

16  § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

17  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

18  may be granted, or that seek monetary relief from a defendant who is immune from such

19  relief.  28 U.S.C. § 1915A(b)(1), (2).

20  **C.    Claims and/or Parties to be Served and/or Dismissed**

21  *1.    Service*

22  In his Complaint Plaintiff alleges that he has suffered physical and emotional injury

23  due to overcrowded conditions while he was incarcerated at the Durango Jail. He also broke

24  a tooth and alleges stomach illnesses from being served food that frequently was not properly

25  prepared. Plaintiff asserts that Defendants Maricopa County Sheriff Joe Arpaio oversees the

26  policies and procedures at the county jails, and that Durango Jail Commander "John Doe"

27  oversees the policies and procedures at Durango. These allegations adequately state a claim,

28  and the Court will require an answer to the Complaint.

**TERMPSREF**

- 2 -

1    *2.   Dismissal*

2    Throughout his Complaint, Plaintiff refers to <u>Hart v. Hill</u>, No. CIV 77-0479-PHX-

3    EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended

4    Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court which

5    entered it.  <u>Jeff D. v. Kempthorne</u>, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action

6    is not the proper means by which to enforce the decree.  <u>Cagle v. Sutherland</u>, 334 F.3d 980,

7    986 (11th Cir. 2003); <u>Klein v. Zavaras</u>, 80 F.3d 432, 435 (10th Cir. 1996); <u>DeGidio v. Pung</u>,

8    920 F.2d 525, 534 (8th Cir.1990); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-23 (5th Cir.

9    1986).  Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim

10   for damages because such orders do not create "rights, privileges, or immunities secured by

11   the Constitution and laws."  <u>Green</u>, 788 F.3d at 1123-24.  Remedial decrees are the means

12   by which unconstitutional conditions are corrected but they do not create or enlarge

13   constitutional rights.  <u>Id.</u> at 1123.  To the extent Plaintiff seeks to enforce <u>Hart v. Hill</u>, his

14   claim is not properly brought in this action.  Instead, his allegations must separately state a

15   violation of a constitutional right.  At this juncture, as described *supra*, Plaintiff's allegations

16   do state a claim for a constitutional violation.

17   **D.    <u>Rule 41 Cautionary Notice</u>**

18   Plaintiff should take notice that if he fails to timely comply with every provision of

19   this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

20   41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-

21   61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

22   Court), <u>cert. denied</u>, 506 U.S. 915 (1992).

23   **IT IS THEREFORE ORDERED that:**

24   (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted.  Plaintiff is

25   obligated to pay the statutory filing fee of $250.00 for this action.  The Arizona Department

26   of Corrections or her designee shall collect from Plaintiff's trust account an initial partial

27   filing fee in the amount of $25.00 and shall forward the amount to the Clerk of Court.  Said

28   payment shall be clearly identified by the name and number assigned to this action.

**TERMPSREF**                                         - 3 -

1    (2) The Arizona Department of Corrections or her designee shall collect the filing fee

2 from Plaintiff's trust account by collecting monthly payments in an amount equal to 20

3 percent of the preceding month's income credited to Plaintiff's trust account and forwarding

4 the payments to the Clerk of the Court each time the amount in the account exceeds $10.00

5 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the

6 name and number assigned to this action.

7    (3)  The Clerk of Court shall send Plaintiff a service packet including the Complaint,

8 this Order, and both summons and request for waiver forms for Defendants Arpaio and John

9 Doe Durango Jail Commander.[1]

10    (4)  Plaintiff shall complete and return the service packet to the Clerk of Court within

11 20 days of the date of filing of this Order.  The United States Marshal will not provide

12 service of process if Plaintiff fails to comply with this Order.

13    (5)  If Plaintiff does not either obtain a waiver of service of the summons or complete

14 service of the Summons and Complaint on each Defendant within 120 days of the filing of

15 the complaint or within 60 days of the filing of this Order, whichever is later, the action may

16 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of

17 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

18    (6)  The United States Marshal shall retain the Summons, a copy of the Complaint,

19 and a copy of this Order for future use.

20    (7) The United States Marshal shall notify Defendants of the commencement of this

21 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

22 Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The

23 Marshal shall file waivers of service of the summons or requests for waivers that were

24 returned as undeliverable as soon as they are received.  If a waiver of service of summons

25

26

27    [1]Pursuant to Rule 25(d)(2) of the Federal Rules of Civil Procedure, a public officer may be described by the official's title rather than by name, but the Court may require the

28 name to be added.  Plaintiff must include the name of the Durango Jail Commander in the service packet.

1  is not returned by a Defendant within thirty days from the date the request for waiver was

2  sent by the Marshal, the Marshal shall:

3     (a) Personally serve copies of the Summons, Complaint, and this Order upon the

4  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

5     (b) Within 10 days after personal service is effected, file the return of service for

6  the Defendant, along with evidence of the attempt to secure a waiver of service of the

7  summons and of the costs subsequently incurred in effecting service upon the

8  Defendant.  The costs of service shall be enumerated on the return of service form

9  (USM-285) and shall include the costs incurred by the Marshal for photocopying

10  additional copies of the Summons, Complaint, or this Order and for preparing new

11  process receipt and return forms (USM-285), if required.  Costs of service will be

12  taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

13  Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

14     (8) **A Defendant who agrees to waive service of the Summons and Complaint**

15  **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

16     (9)  Defendants shall answer the Complaint or otherwise respond by appropriate

17  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

18  Rules of Civil Procedure.

19     (10) Any answer or responsive pleading shall state the specific Defendant(s) by name

20  on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

21  motion or paper that does not identify the specific Defendant(s) by name on whose behalf

22  it is filed.

23     (11)  Plaintiff shall serve upon Defendants, or if appearance has been entered by

24  counsel, upon counsel, a copy of every further pleading or other document submitted for

25  consideration by the Court.  Plaintiff shall include with the original document and copy, to

26  be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

27  the pleading or document was mailed to Defendants or counsel.  Any paper received by a

28

TERMPSREF                                        - 5 -

1   District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

2   may be disregarded by the Court.

3       (12) At all times during the pendency of this action, Plaintiff shall immediately advise

4   the Court and the United States Marshal of any change of address and its effective date.

5   Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall

6   contain only information pertaining to the change of address and its effective date.  Plaintiff

7   shall serve a copy of the notice on all opposing parties. The notice shall not include any

8   motions for any other relief. Failure to file a Notice of Change of Address may result in the

9   dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

10  of Civil Procedure.

11      (13) A clear, legible copy of every pleading or other document filed shall accompany

12  each original pleading or other document filed with the Clerk for use by the District Judge

13  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement

14  may result in the pleading or document being stricken without further notice to Plaintiff.

15      (14)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Local

16  Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

17      DATED this 20th  day of October, 2005.

18

19

20  _____
    Mary H. Murguia
21  United States District Judge

22

23

24

25

26

27

28