1  **WO**                                                                    LMH

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Mark F. Baca,                          )   No. CV 05-1571-PHX-MHM (MEA)
                                           )
10              Plaintiff,                  )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12  Joe Arpaio, et al.,                    )
                                           )
13              Defendants.                )
    _____   )

14

15          In this civil rights action brought by a former county jail inmate, Defendant Arpaio

16  moved to dismiss for lack of exhaustion (Doc. #15).  Plaintiff failed to respond, and

17  Defendant moved for summary dismissal (Doc. #17).  After careful review of these pleadings

    and the record, the Court will grant the motions and dismiss the action without prejudice.

18  **I.    Exhaustion**

19          Plaintiff must first exhaust available administrative remedies before bringing this

20  action.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, No. 05-15650, ___ F.3d ___, 2006

21  WL 1529029, at *2 (9th Cir. June 6, 2006); Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.

22  2006).  Exhaustion is required regarding all suits about prison life, Porter v. Nussle, 534 U.S.

23  516, 523 (2002), regardless of the type of relief offered through the administrative process.

24  Booth v. Churner, 532 U.S. 731, 741 (2001).  Defendants bear the burden of raising and

25  proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003);

26  see also Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005).

27  The court considers exhaustion as a matter of abatement in an unenumerated Rule 12(b)

28

motion and may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.  The court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

 In this action, Plaintiff brought a verified Complaint containing three counts for relief about overcrowded conditions and food that was often unfit for consumption.  For each of his counts, Plaintiff checked several "yes" boxes to indicate Counts I through III were raised through all levels of the jail's administrative remedies (Doc. #1 at 4-6).  The Court ordered Defendant Arpaio to answer the Complaint (Doc. #8).

Defendant Arpaio moved to dismiss for lack of exhaustion, relying upon the affidavit of Sergeant Zelean Tademy, a Hearing Officer for inmate discipline and grievances. Tademy asserts that Plaintiff did not file any grievances, Institutional Appeals, or External Appeals on any of the issues in his Complaint.  (Tademy Aff.,¶ 11, Ex. A, Doc. #15).

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. #16).  Yet, he failed to respond. Plaintiff's bare assertion of exhaustion in his verified Complaint is unsupported by any evidence, such as copies of the grievances Plaintiff claimed to have filed. Defendant's contention, supported by Tademy's affidavit, that Plaintiff failed to file any grievances has not been satisfactorily rebutted by Plaintiff.  On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss.

**II.    Lack of a Response**

Defendant Arpaio also moved the Court to summarily grant their motion to dismiss because Plaintiff failed to respond.  The Court has the discretion to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss under Rule 7.2(i) of the Local Rules of Civil Procedure.  Plaintiff was warned of this possibility.  See Order, Doc. #16.

The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada.  See Ghazali v. Moran, 46 F.3d

52, 53-54 (9th Cir. 1995).  Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff was transferred from the county jail to the state prison (Doc. #9) and apparently lost interest in prosecuting his action about conditions at the jail.  There is no risk of prejudice to Defendant to resolve the motion in their favor, and judicial efficiency also favors resolution of this action.  The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, there is a less drastic sanction that is available: dismissal *without prejudice*.  In light of the overall five-factor analysis weighing in Defendant's favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

**IT IS ORDERED** that Defendant Arpaio's motion to dismiss (Doc. #15) and motion for summary dismissal (Doc. #17) are **granted**.  Plaintiff's action is dismissed without prejudice for lack of exhaustion or alternately, for failure to respond.  The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 20st day of June, 2006.

_____
Mary H. Murguia
United States District Judge